**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Gabriel Luz-Hernandez,<br><br>            Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>           Respondents. | No. CV 14-02516-PHX-JJT (DMF)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT JUDGE:

      Petitioner Gabriel Luz-Hernandez, an inmate currently incarcerated in the Arizona State Prison, Douglas, Arizona, has filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondents have filed a Limited Answer (Doc. 9), asserting that the Petition should be dismissed as untimely under the Antiterrorism and Effective Death Penalty Act (AEDPA), and in any event, Petitioner's claims are unexhausted and procedurally defaulted. Petitioner has not filed a reply, and the time to do so has passed. For the reasons below, the Court recommends that the Petition be denied as untimely.

**BACKGROUND**

      On May 27, 2011, Petitioner was indicted in the Maricopa County Superior Court on CR 2011-125652 with one count of kidnapping, one count of theft by extortion, and aggravated assault. (Doc. 9–1, Exhibit A.) On September 22, 2011, Petitioner was indicted in Maricopa County Superior Court on CR 2011-007635 with two counts of

aggravated assault, two counts of kidnapping, two counts of threatening or intimidating, one count of assisting a criminal street gang, and one count of criminal damage. (*Id*. at Exhibit B.)

Petitioner pled guilty in both matters on April 10, 2012. (*Id*. at Exhibits G–J.) On October 29, 2012, the trial court sentenced Petitioner in both cases. (*Id*. at Exhibits L, M.) Petitioner did not appeal his convictions or sentence. On or about November 27, 2012, Petitioner commenced his sole PCR proceeding by filing a timely PCR notice in both cases pursuant to Arizona Rules of Criminal Procedure 32, 32.1, and 32.4. (*Id*. at Exhibit N; *see also Houston v. Lack*, 487 U.S. 266, 270–71 (1988) (a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail)). On March 17, 2013, Petitioner's appointed attorney notified the state court that he had completed his review and was unable to discern any colorable claim upon which to base a PCR petition. (*Id*. at Exhibit O.) Petitioner was given 45 days from March 19, 2013, to file a *Pro Per* PCR petition. (*Id*. at Exhibit P.) On June 5, 2013, five weeks after the May 3, 2013 deadline had passed and a petition had not been filed, the state court dismissed Petitioner's PCR proceeding. (*Id*. at Exhibit Q.) Petitioner did not file a petition for review in the Arizona Court of Appeals or Arizona Supreme Court.

Petitioner filed the instant Petition for writ of habeas corpus on November 14, 2014. (Doc. 1.) Petitioner raises three claims in his Petition: (1) Petitioner's PCR counsel was ineffective in not raising a claim of ineffective assistance of trial counsel in Petitioner's Rule 32 PCR Petition; (2) Petitioner's Sixth and Fourteenth Amendment rights were violated because his trial counsel was ineffective in allowing a favorable plea offer to expire and in not presenting mitigating evidence to the court during sentencing, and because PCR counsel was ineffective for failure to raise that claim of ineffective assistance of trial counsel in the PCR Petition; and (3) Petitioner's Fifth and Fourteenth Amendment rights, as well as his right to be free from double jeopardy, were violated because the plea agreement allows his "probation term to be consecutive to prison term for the same offense; and the respective offenses in each cause number arise out of the same set of facts, event[s] or circumstances." (Doc. 1, 4.) The Court permitted

Respondents to file an answer limited to affirmative defenses. (Doc. 4.) Respondents filed their Limited Answer (Doc. 9), alleging that the Petition is untimely under the AEDPA and also that Petitioner's claims are unexhausted and procedurally defaulted.

## LEGAL ANALYSIS

1. <u>Timeliness under the AEDPA</u>

The AEDPA imposes a one-year statute of limitations for state prisoners to file petitions for writ of habeas corpus in federal court. *See* 28 U.S.C. § 2244(d). The period generally commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). To assess the timeliness of the Petition, the Court must first determine the date on which Petitioner's conviction became "final by the conclusion of direct review."

By pleading guilty, Petitioner was precluded from pursuing a direct appeal under Arizona law. A.R.S. § 13-4033(B). However, he retained the right to seek review in an "of-right" proceeding pursuant to Arizona Rules of Criminal Procedure 32, 32.1, and 32.4. *See* Ariz. R. Crim. P. 32.1 ("Any person who pled guilty . . . shall have the right to file a post-conviction relief proceeding, and this proceeding shall be known as a Rule 32 of-right proceeding.").

Under Ninth Circuit case law, an Arizona defendant's Rule 32 of-right proceeding is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A). *See Summers v. Schriro,* 481 F.3d 710, 711, 716–17 (9th Cir. 2007). The Ninth Circuit explained that "treating the Rule 32 of-right proceeding as a form of direct review helps make the Arizona Constitution's guarantee of 'the right to appeal in all cases' a functioning reality rather than a mere form of words." *Id.* at 717. Therefore, when an Arizona petitioner's Rule 32 proceeding is of-right, AEDPA's statute of limitations does not begin to run until the conclusion of review or the expiration of the time for seeking such review. *See id.*

The trial court sentenced Petitioner on October 29, 2012. Therefore, Petitioner's notice of post-conviction relief to commence his Rule 32 "of-right" proceeding was due ninety days later, on January 27, 2013. *See* Ariz. R. Crim. P. 32.1, 32.4(a) ("In a Rule 32

of-right proceeding, the notice must be filed within ninety days after the entry of judgment and sentence[.]"). Because the 90-day time limit expired on a Sunday, Petitioner was required to commence his proceeding on the following Monday, January 28, 2013. *See* Ariz. R. Crim. P. 1.3 (governing computation of time). Therefore, Petitioner's PCR proceeding, which commenced on or about November 27, 2012, was timely.

Petitioner's PCR proceeding was dismissed on June 5, 2013. Petitioner had 35 days from June 5, 2013 (or July 10, 2013) to petition the Arizona Court of Appeals for review of the trial court's order. Ariz. R. Crim. P. 32.9(c), 1.3(a). Petitioner did not file a petition for review. Therefore the one-year statute of limitations began running on July 11, 2013, and Petitioner was required to file his federal petition one year later, by July 10, 2014. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying the "anniversary method" of Rule 6(a) of the Federal Rules of Civil Procedure to calculate the expiration date of AEDPA's one-year statute of limitations). Petitioner filed his federal habeas petition on November 14, 2014, over four months after the one-year limitations period expired.

2.    Statutory Tolling

Under the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). Thus, the AEDPA grants a petitioner one year from the conclusion of his direct appeal, minus time spent litigating a "properly filed" post-conviction claim, to file a federal habeas corpus petition. Because Petitioner's "of-right" PCR proceeding was considered part of his direct review and the one-year period did not begin to run until after his PCR proceeding concluded, statutory tolling is not applicable and the Court considers whether equitable tolling applies.

3.    Equitable Tolling

The AEDPA limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *See Holland v. Florida*, 560 U.S. 631, 645–46

(2010). However, for equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way" to prevent him from timely filing a federal habeas petition. *Id*. at 649 (quoting *Pace v. DiGuglielma*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotations omitted). Whether to apply the doctrine of equitable tolling "'is highly fact-dependent,' and [the petitioner] 'bears the burden of showing that equitable tolling is appropriate.'" *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal citations omitted); *see also Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that equitable tolling is "unavailable in most cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations and internal emphasis omitted). Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *See Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1060 (9th Cir. 2007).

A petitioner's *pro se* status, indigence, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *see also Ballesteros v. Schriro*, CIV-06-675-PHX-EHC (MEA), 2007 WL 666927, at *5 (D. Ariz. Feb. 26, 2007) (a petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances). Further, a prisoner's "proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

Petitioner asserts that he did not file a *pro se* PCR proceeding because "ADOC/ASPC @ Tucson denied Petitioner any meaningful access to the courts/denied attendance to library, therefore he did not file a pro per petition." (Doc. 1 at 4.)

- 5 -

Petitioner further asserts that he did not appeal the dismissal of his PCR proceeding because "Petitioner, unexperienced in the law and unfamiliar with the court procedure/inmate access to the court in Ariz. Dept. of Corrections defaulted all potential claims. Neither the court, counsel or ADOC, told him that he had such a right; no notice of a right was given." (*Id.* at 5.) Regarding the timeliness of his federal habeas petition, Petitioner states that "[t]he factual and procedural circumstances of this case provide 'cause' for relief from the one-year statute of limitations. Additionally, the Ariz. Dept. of Corrections, DOM, Dept. Order § 902 et. seq., is inadequate in providing meaningful access to the courts. Rule 32.4 and 32.5 Ariz. R. Crim. P., sets the bar high for pro se litigants and ADOC, DOM § 902 makes sure it's never surmounted." (Doc. 1 at 10).

In his affidavit, Petitioner stresses challenges he faced in filing his Arizona PCR. Petitioner avows that Ariz. R. Crim. P. 31.13 and 32.5 require pro se litigants to support their claims with legal authority despite being confined in ADOC "with no law libraries, pro forma paralegal services," and a prohibition against prisoners assisting other prisoners. (Doc. 1 at 32.) Petitioner also avows that he "submitted the required ADOC Inmate Request for Paralegal Assistance form and received no meaningful assistance nor access to the courts." (*Id.*) Petitioner also avows that he was not provided with a draft PCR petition to guide the preparation of his *pro se* PCR petition and he made numerous attempts to gain access to legal materials with "virtually no success." (*Id.* at 33–34.)

While the Petition before this Court focuses on Petitioner's claim that there were problems for him raising legal issues in his PCR, the Petitioner makes a sweeping assertion that he should be given relief from the one year AEDPA statute of limitations because "Ariz. Dept. of Corrections, DOM, Dept. Order § 902 et. seq., is inadequate in providing meaningful access to the courts." (*Id.* at ¶ 16.) This broad assertion does not meet the Petitioner's burden for equitable tolling relief. Petitioner does not cite, quote, or describe the ADOC policy provisions of which he generally complains nor does Petitioner assert any specific deficiencies of the ADOC policy.

Importantly, Petitioner makes no reference in his Petition as to any specific efforts, let alone diligent efforts, he made to try to overcome whatever obstacles he believes the

- 6 -

ADOC policy created in filing the Petition in this case. Instead of specifics, Petitioner offers conclusions: "I made numerous attempts to attend the ADOC/ASPC-Tucson library in order to gain access to whatever legal materials are available with virtually no success." (*Id*. at 34.) Petitioner fails to set forth the actual number of attempts, the dates of such attempts, or the reasons given for his claimed lack of access. The Petitioner states he had "*virtually* no success" (emphasis added) but does not delineate when and what success he had and why such success was insufficient to timely file the Petition before this Court. *Id.* The only specific legal resource Petitioner contends was unavailable was a draft PCR petition and Petitioner proffers nothing to suggest that he was diligent in the face of any deficiencies in legal research materials. Even accepting Petitioner's assertion that he was without access to any necessary materials or assistance in filing his PCR, that does not explain why he was unable to file his habeas petition within the one year limitations period. The Petition in this case is written in clear English and cites multiple legal authorities. Petitioner has the ability to articulate specifics, but chose not to give specific reasons for his untimely filing of the Petition.

Petitioner similarly fails in his burden to show extraordinary circumstances; Petitioner again chose to make broad generalizations (in contrast to specifics he made in other parts of his Petition about his trial counsel) about the "implementation, operational reality, and access to legal materials" which he claims failed to give him meaningful access to the courts. In *Ramirez v. Yates*, the petitioner argued that he had limited access to the law library and copy machine during the period in which he remained in administrative segregation. *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009). In denying equitable tolling for that period of time, the Ninth Circuit has stated that "[o]rdinary prison limitations on [petitioner's] access to the law library and copier (quite unlike the denial altogether of access to his personal legal papers) were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner. Given even the most common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule—according to [petitioner's] theory, AEDPA's limitations period would be tolled for the duration of any and every

prisoner's stay in administrative segregation, and likely under a far broader range of circumstances as well." *Id.*; *see also Gutierrez-Valencia v. Ryan*, No. CV-12-01318-PHX-JAT, 2014 WL 1762978, at *5 (D. Ariz. May 5, 2014) (where petitioner did not allege a complete lack of access to his legal file, only his being housed in lock down status in a maximum security facility, court held that "Petitioner has not provided this Court with any specific details regarding what legal materials he was seeking and how they would be of assistance in his habeas filing . . . [and] Petitioner does not dispute that his lock down status is an ordinary prison limitation."). *Cf. Mendoza v. Carey*, 449 F.3d 1065 (9th Cir. 2006) (finding that lack of access to Spanish language legal materials or assistance could entitle habeas petitioner to equitable tolling).

For equitable tolling, Petitioner bears the burden of showing his own diligence and that any hardship caused by lack of access to materials was an extraordinary circumstance. *Walron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009). Petitioner has not shown that despite his own diligence, any lack of access to legal resources resulted in the untimeliness of the Petition before the Court. Thus, Petitioner does not show that he was prevented from timely filing a federal habeas petition and is entitled to equitable tolling.

Petitioner cites *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), for relief from the one-year statute of limitations which bars his federal petition. (Doc. 1 at 10.) However, the *Martinez* decision has no application to the issue of timeliness of Petitioner's habeas petition. *Worrell v. Ryan*, No. CV-13-01683-PHX-PGR (MHB), 2015 WL 1951657, at *1 (D. Ariz. April 28, 2015) (citing *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) (Court stated that "the *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period."); *Davis v. Ryan*, 2015 WL 327456, at *2 (D. Ariz. Jan. 23, 2015) (Court noted that the Supreme Court's decision in *Martinez v. Ryan*, while recognizing an equitable excuse for procedural default, does not provide a time-bar excuse because procedural default and compliance with the federal statute of limitations are two distinct inquiries.); *Owens v. Ryan*, 2014 WL 4722491, at *10 (D. Ariz. Sept. 23,

2014) ("*Martinez* has no application to the statute of limitations in the AEDPA which governs Petitioner's filing in federal court.")).

Petitioner bears the burden of proof on the existence of cause for equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate."). Petitioner has failed to meet his burden of showing extraordinary circumstances or reasonable diligence that would justify equitable tolling. Additionally, the record does not reveal any extraordinary circumstances that prevented Petitioner from filing a timely federal habeas corpus petition. Because Petitioner has not presented any circumstance that would justify equitably tolling the AEDPA statute of limitations, his Petition should be denied as untimely and the Court will not consider Respondents' alternative grounds for denying habeas corpus relief. *See White v. Klitzkie*, 281 F.3d 920, 921–22 (9th Cir. 2002) (whether a petition is barred by the statute of limitations is a threshold issue that must be resolved before considering other procedural issues or the merits of individual claims).

## CONCLUSION

Petitioner filed the pending Petition after the expiration of the AEDPA statute of limitations and statutory and equitable tolling do not render the petition timely. Accordingly, the Petition should be denied as untimely under 28 U.S.C. § 2244(d)(1). Because the Petition is untimely, the Court does not consider Respondents' alternative grounds for denying habeas corpus relief. The Court will therefore recommend that the petition be denied and dismissed. Assuming the recommendations herein are followed in the District Judge's judgment, the District Judge's decision will be on procedural grounds. Under the reasoning set forth herein, reasonable jurists would not find it debatable whether the District Court was correct in its procedural ruling. Accordingly, to the extent the Court adopts this Report and Recommendation as to the Petition, a certificate of appealability should be denied.

**IT IS THEREFORE RECOMMENDED that** the Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED that** a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72.  The parties shall have fourteen days within which to file responses to any objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 4th day of April, 2016.

_____
Honorable Deborah M. Fine
United States Magistrate Judge